### ADAMS v. UNITED STATES.
No. 11521.

Circuit Court of Appeals, Fifth Circuit.
July 9, 1946.

Rehearing Denied Aug. 5, 1946.

Writ of Certiorari Denied Oct. 21, 1946.
See 67 S.Ct. 113.

WALLER, Circuit Judge, dissenting.

Thomas Gill Gayle, of Selma, Ala., for appellant.

Albert J. Tully, U. S. Atty., of Mobile, Ala., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The appellant in this case is by profession a notary public. John Towns and his two brothers, Samuel B. and Samuel C. Towns, who are twins, are sons of Walter Towns and Carrie Lee Towns. The appellant and the parents were indicted on four separate counts for unlawfully aiding, counseling, and abetting the three sons in failing and neglecting to register under the Selective Training and Service Act, of 1940, 50 U.S.C.A.Appendix, § 301 et seq., and for conspiring together and with the three sons to cause each unlawfully and knowingly to evade registration under the act by falsely representing that John Towns was born on October 9, 1928, and Samuel B. and Samuel C. Towns, on June 9, 1930. Walter Towns and Carrie Lee

Towns entered pleas of guilty. A jury found appellant guilty on all four counts, and appellant received a general sentence of one year and one day in the penitentiary and a fine of $250. Appealing from the sentence thus imposed, appellant presents for our consideration the following questions:

1. Did the evidence warrant a finding that John Towns, Samuel B. and Samuel C. Towns were above the age of 18 years and old enough to register, as alleged in the indictment?

2. Did the evidence warrant a finding that appellant unlawfully and knowingly did aid, counsel, and abet the three brothers in their failure to present themselves for and submit to registration?

3. Did the evidence warrant a finding that appellant entered into a conspiracy with the three brothers and their parents, having for its purpose aiding and abetting the brothers in evasion of the Selective Service Act by failing to register?

4. Did the court err in admitting certain evidence over objection during the trial?

5. Did the court err in refusing to give the jury certain written instructions?

The facts briefly stated are: After Selective Service Local Board No. 2, Dallas County, Alabama, received reports that the three sons had not registered in compliance with the Selective Service Act, on March 21, 1944, it wrote John Towns to report without delay. Several days later the parents appeared before representatives of the board in place of their son. After this appearance, but on the same day, Carrie Lee Towns called upon appellant to enlist his aid in obtaining delayed birth certificates for her sons. Appellant filled out three applications for delayed birth certificates and explained to her the need for supporting documentary evidence. The next day she appeared at his office with a "family Bible" containing the names of each of the three children with three alleged dates of birth. Having examined the Bible, appellant set forth in separate certificates the information relating to the birth dates. Later, on the same date, the three sons appeared before him,

and each signed an affidavit setting forth the date of his birth as that inscribed in the Bible. Appellant testified that he asked them no questions relative to these dates. All papers prepared, including the certificates of appellant in his capacity as notary, were filed with the state board of health in Montgomery, Alabama. Thereupon, delayed birth certificates were issued and were filed with the Selective Service Board to support the contention that the boys were under the draft age.

Without material contradiction the testimony showed that the twins were born on June 9, 1923, and that John Towns was one or more years older than the twins. When they appeared before appellant, all three, therefore, were above the age of twenty.

The certificate executed by appellant with reference to the family Bible for John Towns reads:

"I, C. J. Adams, a Notary Public in and for said state and county hereby certify that I have this day examined the Family Bible now in the possession of Carrie Lee Towns which was published by Collins Clear-Type Press in the year of (year not shown) and the facts below appear to have been recorded many years ago. The Bible shows John Towns to have been born at Pleasant Hill Ala.; date of birth Oct. 9, 1928; name of father Walter Towns and name of mother Carrie Lee Towns."

The two certificates prepared for the twins were identical with that prepared for John except that in one the name of Samuel B. appeared and in the other the name of Samuel C. appeared, and that the date of birth in these two certificates was given as June 9, 1930. Government agents testified that appellant stated that when he first saw Carrie Lee Towns' three sons in his office in March of 1944 he believed them to be over eighteen years of age.

■ It was shown that appellant was experienced in matters connected with the Selective Service Act and with the procedure for obtaining delayed birth certificates. His contention that for ought he knew the Towns brothers desired birth certificates to enable them to obtain defense-plant work is meritless because the birth dates set forth would disqualify them

for such work. In the light of appellant's experience in having filled out over one thousand papers in connection with the Selective Service Act, the date given in the applications for delayed birth certificates would have informed him that the accompanying certificates executed by him would be used only for the single purpose of evading registration under the Selective Service Act.

■ No effort was made by appellant to ascertain whether the doctor or midwife in attendance at the birth of the brothers recorded the births with the state board. In view of his knowledge that the state law required births to be registered and that the state authorities issued delayed birth certificates only in the absence of prior recordation, appellant's failure first to investigate the records of the state board was a circumstance the jury could consider to show guilt.

■ Appellant certified that the birth dates of the sons "appear to have been recorded many years ago." The Bible itself was published in England and could not there have been lawfully printed and published prior to the issuance of a license for so doing. Although containing no publication date, the Bible did contain, at a place where the publication date would ordinarily be found, the date of the English license, March 10, 1939. The jury could conclude that a reasonable man after inspecting this Bible would not without sinister motives certify that the dates of births "appear to have been recorded many years ago."

To discredit his contention that he knew not why Carrie Lee Towns wanted the delayed birth certificates, the prosecution introduced into evidence appellant's plea of guilty to a previous indictment charging him with falsely certifying, as a notary public, that a person who actually was deceased appeared before him to make a demand for payment, this certificate being later forwarded by appellant to the Veteran's Administration.

■ The evidence warranted the jury in concluding that appellant knew for what purpose Carrie Lee Towns sought to obtain delayed birth certificates for her three boys and that her affidavits and their affidavits as to the dates of their births were false; that appellant knew the weight under Alabama law of his certificate concerning the age of the family Bible and the authenticity of the record births therein; and that by certifying that the year of publishing was not shown and that the dates "appear to have been recorded many years ago" appellant intended to enable the boys to obtain fallacious delayed birth certificates. Hence, the evidence warranted finding the appellant guilty of aiding and abetting the three brothers in their failure to present themselves for and submit to registration, and of conspiring with Walter and Carrie Lee Towns and their three sons to enable the latter to evade registration under the Selective Service Act.

■ The contention that the introduction of volunteered information into the record was reversible error is without merit since the court ordered it stricken. The testimony that appellant frequented the county health office to obtain birth and death certificates was properly admitted to show appellant's knowledge of the services available in that office and to show familiarity with the procedure necessary to obtain delayed birth certificates.

■ To establish the year of birth of the Towns twins, an aunt, who lived in the same locality and was a sister of their mother, testified that she gave birth to twin girls in December, 1923, and that her sister, the mother of the Towns twins, gave birth to twin boys earlier the same year. In corroboration, the Government offered two birth certificates showing the birth in December, 1923, of Mary and Sally Peterson. As the witness had testified that the twin girls were named Reby and Ruby Peterson, the objection was made that the identity of the twins in the birth certificates was not proved. Evidence was introduced to show that the midwife in attendance filed the certificates, that the names and addresses of the parents and midwife were correct on the certificates, and that the witness and her husband had only one set of twins. The Government also offered in evidence certificates showing birth of Isaac and Isham Towns, twin

sons, to Walter and Carrie Lee Towns on June 9, 1923. The Government proved in connection with the offering that Samuel B. and Samuel C. Towns were the only twins born to Walter and Carrie Lee Towns, and that they were born prior to the birth of the Peterson girls in the year 1923. It was further shown that the midwife who filed the certificates and whose name appeared as such therein was the midwife in attendance at the birth of Samuel B. and Samuel C. Towns. The evidence, we think, properly identified the certificates with the Peterson twins and with the Towns twins. With the foundation thus laid the certificates were properly received in evidence.

■ Numerous written requested charges were denied, appellant says to his prejudice. A more favorable charge for appellant could hardly have been given. The record shows that the requested charges either were covered in the court's general charge or were without support in the evidence.

No reversible error appearing, the judgment appealed from is affirmed.

WALLER, Circuit Judge (dissenting).

I am unwilling to attach criminal consequences to the act of notarizing a false affidavit in the absence of clear proof that the Notary counselled or procured the making of such an affidavit with knowledge of its falsity. A Notary is not required to vouch for the truth of the affidavits which he takes. He commits no crime in merely administering the oath of another even if he thinks it is false any more than does the Clerk when he swears a witness to a deposition which the Clerk might have reason to believe is false.

The affidavits were prepared by Appellant from information supplied by the mother of the three boys, and were prepared before Appellant ever saw those affiants. The fact that when they came in the next day to swear to the affidavits their ages appeared to Appellant to be greater than the ages which had been stated did not make him a felon merely because of the fact that he administered the oath to the affiants.

The Government used eighteen witnesses in convincing the jury that the ages of the Towns boys were greater than those stated in their affidavits. Nevertheless, its attorney urges that Appellant, in face of their affidavits, their mother's statement, and the birth dates written in the ancient-looking Bible, should be deemed a criminal because he did not of his own motion adjudge that the ages stated were false, notwithstanding the fact that the law does not cast upon a Notary this responsibility.

Appellant also made three certificates as to dates of birth appearing in the family Bible, but there is nothing false on the face of those certificates. The Bible was transmitted to this Court as an original exhibit. It has every external appearance of being very old. Dates purporting to show the birthdays of the Towns children are written in it. The date of publication of the Bible is not shown, but tucked away in very fine print is a statement that a license to print it was not issued until 1939. A failure by Appellant to discover this date is thoroughly understandable. Such an oversight could easily and likely occur, and, if so, it should not be characterized as the act of a felon.

He received only $3.00 for: writing six affidavits; making his certificate for each of the three sons; advising the mother as to the requisites to obtain delayed birth certificates; and taking the oaths of the three boys and their mother to those affidavits. This small sum is not sufficient to create the inference that his act was even venal, much less criminal.

The evidence as to the Appellant's knowledge and intent is entirely circumstantial and signally fails, in the writer's view, to exclude every reasonable hypothesis other than that of Appellant's guilt. This negro may have been guilty of advising the making, and of aiding in the making, of false affidavits, but the evidence leaves too much to the imagination. His acts are as consistent with innocence as they are with guilt. The jury was never instructed that where circumstantial evidence is relied on to prove a material fact in a criminal case the circumstances must be such as to exclude every reasonable hypothesis other than the existence of the

fact sought to be proven. But since no request was made for such a charge, and no exception taken to the failure to give such a charge, I would not reverse for this reason. I cite the failure to give such a charge merely as one explanation why the jury may have brought in a verdict of guilty without sufficient support, as I see it, in the evidence. I think the judgment should be reversed.